# BECHMAN *v.* SOUTHGATE.

PATENTS; INTERFERENCES; APPEALS; IDENTITY OF INVENTION; STARE DECISIS.

1. Where an appellant in an interference case, in his assignment of errors, does not challenge the decision of the Commissioner of Patents on the question of priority of invention, he will, to that extent, be presumed to have acquiesced in the decision against him. (Following *Bechman* v. *Wood,* 15 App. D. C. 487.)

2. Except in extreme cases, this court will not go behind the declaration of interference in order to determine the question of identity of invention (following *Swihart* v. *Mauldin,* 19 App. D. C. 573); and such a case is not presented where it appears that the assignee and employer of the junior and unsuccessful party, after the latter saw his rival's application and drawings, filed the junior party's application, with specifications reading very much like those of the senior party.

3. The decisions of the expert tribunals of the Patent Office in respect of identity of invention will ordinarily be accepted as conclusive, where the question is whether the application of one of the parties in interference is broad enough, in the terms of its specifications and claims, to embrace the invention of the other, and especially where the invention is one of elaborate and complicated mechanism. (Following *Seeberger* v. *Dodge,* 24 App. D. C. 481, which cites *Schupphaus* v. *Stevens,* 17 App. D. C. 548; *Ostergren* v. *Tripler,* 17 App. D. C. 557; *Stone* v. *Pupin,* 19 App. D. C. 396; *Luger* v. *Browning,* 21 App. D. C. 201; and *Herman* v. *Fullman,* 23 App. D. C. 259.)

No. 363.   Patent Appeals.   Submitted November 15, 1906.   Decided December 4, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Alexander & Dowell* for appellant.

*Mr. Louis W. Southgate,* the appellee, appeared in proper person.

Mr. Justice ROBB delivered the opinion of the Court:

This is an interference proceeding between the above-named applicants, Henry F. Bechman and Louis W. Southgate, for the invention of a traveling cylinder web printing press, comprising three printing couples, the issue in said proceeding being expressed in five counts, as follows:

"1. A printing press comprising three printing couples arranged in parallel planes, each couple consisting of a bed and co-acting cylinder, and means for feeding webs through said couples, to be perfected thereby."

"2. A printing press comprising three stationary type beds arranged in parallel planes, and three reciprocating cylinders co-acting with the beds; with means for feeding webs through the press so that they shall be perfected thereby at each operation of the press."

"3. The combination in a web printing press of three stationary form beds, a traveling impression cylinder co-acting with each of said form beds, a single reciprocating mechanism, for actuating all of said cylinders, web guides, a deflector, and web manipulating mechanisms."

"4. The combination in a web printing press of three stationary form beds, a traveling impression form cylinder coacting with said bed, a reciprocating mechanism for actuating said impression cylinders, connections whereby one of said impression cylinders may be thrown out of operation and the other two kept in operation, web guides, and web manipulating mechanisms."

"5. The combination in a web printing press of three stationary form beds, a pair of carriers in which two impression cylinders are journalled, a reciprocating mechanism for said carriers, a second set of carriers, in which a third impression cylinder is journalled, means for connecting and disconnecting the two sets of carriers, and suitable web guides and manipulating mechanisms."

Southgate, the senior applicant, filed his application November 30, 1896; Bechman, the junior applicant May 21, 1903. An interference was duly declared, testimony taken, and all the tribunals of the Patent Office concurred in awarding judgment of priority of invention to the senior applicant, Southgate. Bechman has appealed, but in his assignment of errors does not challenge the decision of the Commissioner on the question of priority of invention; "and to this extent he is to be presumed to have acquiesced in the decision against him." *Bechman* v. *Wood,* 15 App. D. C. 487. Bechman's contentions, as disclosed in his brief, are as follows:

"First. That there is no invention to the machines disclosed in the respective applications.

"Second. The first and second issues (claims made by Bechman) are for a specific form of press not disclosed by Southgate; and the third, fourth, and fifth issues (claims made by Southgate) are restricted to a construction not disclosed in Bechman's application.

"Third. If Southgate has any patentable invention, and Bechman has a patentable invention, there is nothing patentably novel in common between these two, and each can legally only procure a patent on his specific machine. Neither is entitled to a claim which will dominate the machine of the other."

His first and second contentions, in substance, challenge the ruling that there is an interference in fact between the two machines. "We have repeatedly held that, except in extreme cases, we will not go behind the declaration of interference in order to determine the question of identity of invention." *Swihart* v. *Mauldin,* 19 App. D. C. 573.

What are the facts in this case? Briefly stated, they are as follows: The Campbell Printing Press & Manufacturing Company, Southgate's original assignee, and the Duplex Printing Press Company, Bechman's assignee, were rival concerns, and from 1892 to 1902 engaged in litigation covering the broad patents on flat bed web printing presses of the style here involved. In June, 1902, an agreement was entered into between these rival concerns whereby the Campbell company, in consideration of being paid a royalty on certain machines, withdrew from the field and assigned all patents and applications for patents included in the agreement to the Duplex company. The Southgate application, now in issue, was one of the applications assigned and upon which, if adopted, a royalty was to be paid. Mr. Bechman, the mechanical expert and inventor for the Duplex company, in the summer of 1902 saw the Southgate application and drawings, and also the following memorandum in reference thereto: "Case 104. Louis W. Southgate. Filed Nov. 30, 1896. Serial No. 615,928. This case covers the three-bed Multipress for making ten and twelve page products. Good claims have been allowed, but not as broad as they should be. The case will probably have to be taken to the Board of Examiners-in-Chief, and must be appealed before Aug. 13, 1903." Nothing further appears to have been done by the Duplex company in respect of this application; hence its prosecution by the Campbell company. The Bechman application was sub-

sequently filed, and the specifications filed therewith read much like the original Southgate specifications.

The Patent Office, after careful consideration, has found that there is an interference in fact between these applicants. Without discussing the evidence further, we hold that the record does not disclose this to be such a case as would warrant us in disturbing that finding.

The third contention is really a restatement of the first and second. It is fully answered, however, by the decision of this court in *Seeberger* v. *Dodge,* 24 App. D. C. 481, where it is said that "ordinarily, where the point has been raised whether the application of one of the parties was broad enough in the terms of its specification and claims to embrace the invention of the other, and especially where the invention is one of elaborate and complicated mechanism, the decisions of the expert tribunals of the Patent Office in respect of identity have, for obvious reasons, been accepted as conclusive. *Stone* v. *Pupin,* 19 App. D. C. 396, 400; *Schupphaus* v. *Stevens,* 17 App. D. C. 548, 555; *Ostergren* v. *Tripler,* 17 App. D. C. 557, 559; *Luger* v. *Browning,* 21 App. D. C. 201, 204; *Herman* v. *Fullman,* 23 App. D. C. 259, 265."

The decision will be affirmed, and this opinion certified to the Commissioner of Patents, as required by law, and it is so ordered.                                    *Affirmed.*